```
ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6166
    Facsimile: (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America
```

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>             Plaintiff,      )<br>                             )<br>        v.                   )<br>                             )<br>$65,400.56 in UNITED STATES )<br>CURRENCY AND TWELVE          )<br>CLASSIC VEHICLES,            )<br>                             )<br>             Defendants.     )<br>                             )<br>_____)<br>                             )<br>BARRY MUDRYK,                )<br>                             )<br>             Claimant.       )<br>_____) | NO. CV 09-07635 SJO (PJWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

This action was filed on October 21, 2009. Notice was given and published in accordance with law. Barry Mudryk ("Claimant") filed a statement identifying right or interest on December 14, 2009. No other statements of interest have been filed, and the

time for filing statements has expired.  Plaintiff and claimant have reached an agreement that is dispositive of the action.  The parties hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   This court has jurisdiction over the parties and the subject matter of this action.

2.   Notice of this action has been given in accordance with law.  All potential claimants to the defendant currency and vehicles other than Claimant Barry Mudryk are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3.   The United States of America shall have judgment as to the defendant $65,400.56 in United States Currency and the following defendant vehicles[1]:

   a) one 1957 Chevrolet Corvette, VIN:E57S101923;
   b) one 1966 Chevrolet Corvette, VIN:194676S120088;
   e) one 1969 Chevrolet Corvette, VIN 194379S706410; and
   f) one 1964 Chevrolet Chevelle, VIN:443687H117762;

No other person or entity shall have any right, title or interest in the property listed above.  The government shall dispose of said property in accordance with law.

/ / /

---

[1] To avoid potential confusion, the defendant vehicles are listed here according to the designations assigned to them in the Complaint for Forfeiture.

4.  The defendant vehicles listed immediately below shall be made available to Claimant, in coordination with his attorney, Janet Sherman, within 10 days of the entry of this Judgment:

   c) one 1966 Chevrolet Corvette, VIN:194676S114308;
   d) one 1967 Chevrolet Corvette, VIN:194677S115003;
   g) one 1960 Chevrolet Impala VIN:01837A155866;
   h) one 1966 Pontiac Acadian VIN:671737005138;
   i) one 1934 Chevrolet Kit Car VIN:6552320 (unverified);
   j) one 1970 Dodge Challenger VIN:JH23J0B305521;
   k) one 1961 Chevrolet Corvette VIN:10867S103397; and
   l) one 1969 Pontiac GTO, VIN:242379Z101043.

5.  Except as to such rights and obligations created by this Consent Judgment, Claimant hereby releases the United States of America, its agencies, agents, and officers, including employees and agents of Department of Homeland Security, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of the Claimant.

6.  Claimant shall not be required to pay any storage costs associated with the government's seizure and retention of the defendant vehicles, and shall take the vehicles listed in paragraph 4 above free of any mechanic's (or similar)lien, or other obligation which might arise as a result of storage of the defendant vehicles while in government custody.

7.  The Court finds that there was reasonable cause for the seizure of the defendant assets and institution of these

proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: _May 28, 2010

*S. James Otero*

_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: May __, 2010
                        ANDRÉ BIROTTE JR.
                        United States Attorney
                        CHRISTINE C. EWELL
                        Assistant United States Attorney
                        Chief, Criminal Division

                        ____/S/_____
                        STEVEN R. WELK
                        Assistant United States Attorney
                        Chief, Asset Forfeiture Section

                        Attorneys for Plaintiff
                        United States of America

DATED: May ___, 2010
                        SHERMAN & SHERMAN

                        ____/S/_____
                        JANET SHERMAN

                        Attorneys for Claimant
                        Barry Mudryk

DATED: May ___, 2010


                        _____/S/_____
                        BARRY MUDRYK